ALLEN WAYNE WILBURN V. STATE

No. 31,700. March 16, 1960

Appellant's Motion for Rehearing Overruled April 27, 1960

*M. L. Miller, Robert C. Benavides,* Dallas 2, for appellant.

*Henry Wade,* Criminal District Attorney, *John J. Mead, Jr., William F. Alexander, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is felony theft; the punishment, enhanced by a prior conviction for a like offense, 10 years.

Appellant was employed by Nicholson Seed Stores, one of his duties being to drive a pickup truck and haul merchandise to and from the store on North Lamar.

On the morning of April 30, 1959, Mr. Biggio, an official of the Nicholson Seed Stores, checked the merchandise appellant brought to the store and discovered an extra carton which contained a new battery charger which proved to be one of three battery chargers missing from the stock of the Alamite Company in Dallas, of which A. F. Gray was President.

The value of the battery charger was shown to be more than $50.00.

The prior conviction alleged for enhancement was proved.

Mr. Biggio testified that in response to his questions appel-

lant said that he purchased the battery charger for his father; that he bought it "down on Cole Avenue"; that they did not give him a receipt, and that he didn't know the name of the company.

Mr. Biggio then suggested to appellant that he was aware of his criminal record and appellant asked if he was going to call the police, and said if he did not he would tell Mr. Biggio the truth.

Appellant then told Mr. Biggio that the carton had fallen off the back of a truck when it went around a corner.

In reply to Mr. Biggio's inquiries, appellant stated that he did not know the name of the truck, carrier or trucking company that lost the carton or the color of the truck.

Mr. Biggio called the police.

Detective Davis took charge of the battery charger, ascertained the owner and returned the property to him. He testified that appellant told him that he was stopped at a red light and saw the battery charger fall off of a Sunset Freight truck on Industrial, and that he stopped and picked it up.

Appellant's testimony at the trial was that he saw the carton fall from a truck and picked it up, intending to return it, if the owner could be found. He denied that he told Mr. Biggio that he purchased the battery charger.

The witnesses for the state testified that the carton was undamaged except for the shipping label having been cut out. Appellant testified "you could see where it done skid off the truck, because the box had been, see, you can see these things when it skids on something, you can see, it kinda messed up the pasteboard, something like that, you could see where it hit the gravel and slid."

The jury did not see fit to accept appellant's explanation of his possession of the battery charger, and the evidence is sufficient to sustain its finding that he acquired it by theft as charged in the indictment.

The judgment is affirmed.